**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAVIER RICARDO ALFONSO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2426-J** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Javier Ricardo Alfonso, a noncitizen[1] and Cuban national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, and Brief in Support, Doc. 2, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue. For the reasons below, the undersigned recommends the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **Background**

Petitioner, a citizen of Cuba, arrived in the United States on December 19, 2019. Pet. at 6; Doc. 1-1 at 1 (Charges of Inadmissibility/Deportability). The same day, ICE charged Petitioner as removable, classified him as an "arriving alien," and paroled him into the United States to attend his immigration court hearings. Doc. 1-1 at 1. On October 30, 2023, Petitioner filed an Application to Adjust Status under the Cuban Adjustment Act. Pet. at 6; Doc. 1-1 at 2 (Receipt of Application). He was also granted employment authorization in the United States. Doc. 1-1 at 4 (Employment Authorization).

On August 10, 2025, ICE re-detained Petitioner. Pet. at 4. Respondents do not allege which provision governs Petitioner's detention but concede that binding Tenth Circuit precedent, which holds noncitizens detained within the United States are detained pursuant to 8 U.S.C. § 1226(a), controls this case. Resp. at 1.

On January 23, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Oct. 19, 2026). On February 9, 2026, he appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal is currently pending. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 19, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Unlawful Prolonged Detention.** Petitioner alleges his continued and prolonged detention without any individualized determination that his detention is necessary is unlawful. Pet. at 6.

- **Count II: Eligibility for Cuban Adjustment Act Relief**. Petitioner alleges he is entitled to relief under the Cuban Adjustment Act, and Eden Detention Center personnel prevented his medical examination results from reaching the Immigration Court. *Id.*

- **Count III: Unlawful Prolonged Detention**. Petitioner alleges his continued civil detention for more than one year has become punitive and exceeds constitutional limits. *Id.*

- **Count IV: Violation of the Immigration and Nationality Act ("INA")**. Petitioner challenges his detention without a determination that he is a flight risk or danger to the community when he has complied with all conditions of release. *Id*. at 7. The undersigned liberally construes him to allege his detention without an individualized bond hearing violates 8 U.S.C. § 1226(a).

He asks the Court to "order [his] immediate release." Pet. at 7.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing 8 U.S.C. § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) also requires that, if an asylum officer determines a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled by statute to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal

proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Liberally construed, Petitioner alleges his detention without an individualized determination as to flight risk or danger to the community violates § 1226(a). Pet. at 6-7. Respondents assert *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. 2026), which holds noncitizens apprehended within the United States are detained under § 1226(a), controls this case. Resp. at 1.

Petitioner was re-detained on August 10, 2025, more than five years after he initially entered the country. Pet. at 2. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

Judges in this District, including this Court, have found where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)."

*Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *see also Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian parole is detained pursuant to § 1226(a)); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same). *But see Kvaratskhelia v. Blanche*, No. CIV-26-1673-JD, Order, Doc. 13, at 11 (W.D. Okla. Sep. 29, 2026) (holding a petitioner previously released on parole under § 1182(d)(5)(A) is properly detained under § 1225(b) when parole ends).

Therefore, consistent with this Court's prior decisions and Respondents' assertion that *Santillan Quiroz* governs, the Court should apply § 1226(a) to govern Petitioner's current detention. *See Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (finding "Petitioner's detention does not arise from any ongoing entry or inspection process, but from ICE's decision to place him in removal proceedings" and "in that posture, detention is properly understood as detention pending a decision on whether the alien is to be removed, which falls within Section 1226(a), notwithstanding Petitioner's initial classification at the time of entry" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks immediate release. Pet. at 7. The undersigned, however, concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release

him."); *see also Zhakhonov*, 2026 WL 1865418, at *3 (concluding the "proper remedy is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)"). Further, this Court has consistently declined to order burden shifting. *See, e.g.*, *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[2]

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues (1) his prolonged detention has become punitive and (2) he is entitled to immigration relief under the Cuban Adjustment Act. Pet. at 6. If the Court grants the recommended relief of a bond hearing under § 1226(a), the Court need not

[2] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently established the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, Judges in this District have recently declined to find termination of parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g.*, *Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "has a protected liberty interest in remaining out of custody" but declining to hold re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief"). Thus, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

decide the merits of Petitioner's remaining claims because at most he might be entitled to the same recommended relief of a bond hearing. *See, e.g.*, *Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *3 (W.D. Okla. June 5, 2026) (ordering a bond hearing based on petitioner's prolonged detention under § 1226(c)); *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (declining to decide the merits of a petitioner's due process claim when granting a bond hearing under § 1226(a)).

Similarly, the Court should decline to decide Petitioner's claim under the Cuban Adjustment Act. He did not include sufficient allegations in the Petition that would allow the Court to determine any different form of habeas relief is proper under the Cuban Adjustment Act, and his appeal remains pending with the BIA. *See Concha-Gonzales v. Noem*, No. 26-cv-1, 2026 WL 194178, at *4-5 (D. Colo. Jan. 26, 2026) (ordering a bond hearing under § 1226(a) when the petitioner was detained while he had a pending application for adjustment of status under the Cuban Adjustment Act); *Machado v. Noem*, Civ. No. 26-1449, 2026 WL 1453899, at *2 & n.1 (D.N.J. May 22, 2026) (same).

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 26, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate

review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 19th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE